IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAVELHOST, INC., | ' |
| Plaintiff, | ' |
| v. | ' Civil Action No. 3:11-CV-454-M-BK |
| JENNIFER LEA BRADY, *et al.*, | ' |
| Defendants. | ' |

## ORDER

Before the Court for consideration is Plaintiff's *Motion for Preliminary Injunction* (Doc. 30). After conducting a review of the pleadings, evidence, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and the objections of the Plaintiff, filed on February 10, 2012, the Court is of the opinion that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct and they are hereby accepted as the Findings of the Court, with two slight modifications as noted below. Plaintiff's *Motion for Preliminary Injunction* (Doc. 30) is granted in part as to Defendants Jennifer Brady, Tiffany Seeley, Andrew Seeley, Brian Thomas, and Robert Nickerson Jr.

A preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). The Court finds that, as to the Defendants named herein, Plaintiff has clearly shown 1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened

injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.

In addition, the Court also finds that exercising its equitable power to extend the time period covered by the covenants not to compete is particularly appropriate in this case, as the record shows that the Defendants' violations of the covenants not to compete have been continuous and persistent.  *See Guy Carpenter & Co, Inc., v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003) (holding that a district court may exercise its equitable power to craft an injunction that extends beyond the expiration of the covenant not to compete); *see also Farmer v. Holley*, 237 S.W.3d 758, 761 (Tex.App.—Waco 2007, review denied) (holding that under Texas law, covenants not to compete can be equitably extended if the violations of the covenant were "continuous and persistent.").

IT IS THEREFORE ORDERED that Defendants Jennifer Brady, Tiffany Seeley, Andrew Seeley, Brian Thomas, and Robert Nickerson Jr. are **ENJOINED** from, individually or directly or indirectly through the activities of any entity owned or controlled by them in whole or in part:

    1. Being involved in publishing, distributing, promoting, or selling advertising for inclusion in GETAWAY Magazine or any other publication competitive with *Travelhost* magazine within their respective Designated Area.

    2. Soliciting advertisements from any advertisers for GETAWAY magazine or any other publication competitive with *Travelhost* magazine within their respective Designated Area.

    3. Seeking or obtaining distribution of GETAWAY magazine or any other publication competitive with *Travelhost* magazine within their respective Designated Area.

    4. Pursuing or entering into any sale, transfer, or assignment of any ownership interest or licensing rights with GETAWAY magazine within their respective Designated Area.

    5. Posting online versions of GETAWAY magazine (not in Recommendation of United States Magistrate Judge.)

    6. Acting in concert with third parties to engage in any of the activities listed above.

IT IS FURTHER ORDERED that Defendants Jennifer Brady, Tiffany Seeley, Andrew

Seeley, Brian Thomas, and Robert Nickerson Jr. SHALL, within no longer than ten (10) days from the effective date of this Order, take affirmative action to remove copies of all issues of GETAWAY magazine from any locations within their respective Designated Area.

IT IS FURTHER ORDERED that pursuant to FED. R. CIV. P. 65(c), Plaintiff SHALL post a bond in the amount of $60,000 (reduced from the Recommendation) for the payment of such costs and damages as may be incurred or suffered by Defendants Jennifer Brady, Tiffany Seeley, Andrew Seeley, Brian Thomas, and Robert Nickerson Jr., if they have been wrongfully enjoined.

IT IS FURTHER ORDERED that this Order SHALL become effective immediately upon posting by Travelhost of a bond in the amount of $60,000 with the Clerk of the Court, and SHALL remain in full force until the earlier of two years from the effective date of this order or the date on which final judgment is entered in this case.

This Court retains jurisdiction over this Order and retains the power to modify the terms of the preliminary injunction or to enforce the orders herein.

SO ORDERED this 17th day of February, 2012.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS