IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVELHOST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-cv-454-M |
| | § | |
| JENNIFER LEA BRADY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff's *Motion to Dismiss Defendants' Counterclaims.* (Doc. 86). Having reviewed the relevant pleadings and applicable law, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff brought this suit for breach of contract, tortious interference, and conspiracy against Defendants Jennifer Lea Brady, Andrew and Tiffany Seeley, Brian Thomas, Robert Nickerson, Jr., and Donna Stamates. (Doc. 4 at 14-22). Subsequently, each Defendant filed a *First Amended Answer and Counterclaim*, alleging (1) breach of fiduciary duty, (2) breach of contract, and (3) fraudulent inducement.[1] (Docs. 80, 81, 82, 83, 84). On November 29, 2011, Plaintiff filed its *Consolidated Motion to Dismiss Defendants' Counterclaims* for failure to state

---

[1] In all pertinent respects, the pleadings are identical.

a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 86).  Plaintiff's motion remains pending only as to Defendants Brady and Stamates.[2]

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a court must accept all of the claimant's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the pleading has stopped short of showing that the pleader is plausibly entitled to relief. Fed.R.Civ.P. 8(a)(2); *Iqbal,* 129 S.Ct. at 1950.

*Breach of Fiduciary Duty and Breach of Contract Counterclaims*

Plaintiff argues that as to their breach of fiduciary duty and breach of contract counterclaims, Defendants have pled no facts establishing that Plaintiff owed a fiduciary duty to either of them.  (Doc. 86 at 6-7).  Plaintiff also contends that Defendants' allegation that Travelhost breached its licensing agreements with Defendants "by failing to protect goodwill associated with the limited license of the TRAVELHOST trademark" are "unduly vague and

---

[2] On June 4, 2012, the action against Defendant Robert Nickerson was administratively closed, without prejudice to being reopened by any party, due to Nickerson's initiation of bankruptcy proceedings under Chapter 7 of the Bankruptcy Code. (Doc. 124). Additionally, on August 12, 2012, Defendants Andrew and Tiffany Seeley's and Defendant Brian Thomas's counterclaims were dismissed without prejudice, pursuant to the parties' settlement agreements.  (Docs. 139, 140).

conclusory." (*Id*. at 8-10). Defendant Brady did not file a response to Plaintiff's motion.[3] In her response, filed August 22, 2012,[4] Defendant Stamates agreed to non-suit her breach of fiduciary duty and breach of contract counterclaims, although that has yet to occur. (Doc. 141 at 2). Finding no opposition to Plaintiff's motion to dismiss Defendants Brady's and Stamates's counterclaims for breach of fiduciary duty and breach of contract, Plaintiff's Motion to Dismiss is **GRANTED**.

*Fraudulent Inducement Counterclaims*

Plaintiff contends that Defendants Brady's and Stamates's fraudulent inducement claim (1) is barred by the statute of limitations; (2) does not allege sufficient facts to state a claim under Federal Rule of Civil Procedure 8; and (3) is not pled with particularity as required in Federal Rule of Civil Procedure 9(b). (Doc. 143 at 5-8).

Under Texas law, a fraud claim requires proof of: (1) a material representation; (2) that was false; and (3) when the speaker made the representation, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; and (4) he made it with the intention that it should be acted upon by the party; and (5) the party acted in reliance upon it; and (6) the party suffered injury as a result. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998). Moreover, to adequately state a claim for fraud, "the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002) (internal quotations omitted).

---

[3] On September 10, 2012, Plaintiff and Defendant Brady notified the Court that they reached an agreement to settle the claims between them; however, the settlement documents have not yet been executed and no motion to dismiss Plaintiff's suit has been filed. (Docs. 142, 144).

[4] The Court sua sponte enlarged the time for Defendant Stamates to file her opposition. (Doc. 135).

By their counterclaims, Defendants Stamates and Brady assert that they relied to their detriment on Plaintiff's representations concerning the success of Plaintiff's businesses. (Doc. 81 at 13; Doc. 82 at 13). Neither counterclaim, however, sufficiently alleges when the fraudulent representations took place, where the statements were made, who made the statements, or how the parties were injured by the statements. In her response, Defendant Stamates appears to rely solely on a separate document – her affidavit – to state additional facts regarding her claim for fraudulent inducement. (Doc. 48-1). That affidavit was previously filed in support of another motion and cannot be relied upon to support or amend Defendant Stamates's counterclaim. *See Ashcroft*, 556 U.S. at 678 ("to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible *on its face*") (emphasis added). The counterclaim does not do so. Thus, Plaintiff's Motion to Dismiss is **GRANTED** as to Defendant Stamates's and Brady's fraudulent inducement counterclaims.

Dismissing an action with prejudice after giving the plaintiff only one opportunity to state a claim is ordinarily unjustified. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so."). If, however, a plaintiff has had a fair opportunity to make her best case and has not done so, the court should dismiss the complaint with prejudice even if the plaintiff has not had an opportunity to amend. *Jacquez*, 801 F.2d at 792-93.

As to Defendants' breach of fiduciary duty and breach of contract counterclaims, the Court finds that each Defendant has pled her best case. Thus, those claims are **DISMISSED WITH PREJUDICE**. As to each Defendant's fraudulent inducement counterclaim, an opportunity to amend should be given.[5] Thus, **Defendants are granted leave to amend their fraudulent inducement counterclaims within 14 days of the date of this Order, or those claims will also be dismissed with prejudice.**

## CONCLUSION

Plaintiff's *Motion to Dismiss Defendants' Counterclaims* (Doc. 86) is **GRANTED** as to Defendants Donna Stamates's and Jennifer Brady's counterclaims, in part with prejudice and in part without prejudice.

**SO ORDERED.**

Dated: September 27, 2012.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[5] The Court notes that there is a distinct possibility that each Defendant's fraudulent inducement claim is barred by the statute of limitations under Section 16.004 of the Texas Civil Practice and Remedies Code. However, the Court finds that the statute of limitations issue has not been sufficiently briefed by the parties for the Court to render a decision on that issue now. While the Defendants have been granted leave to amend their fraudulent inducement claims, the Defendants should consider whether their fraudulent inducement claim is barred by limitations.