IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVELHOST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-00454-M-BK |
| | § | |
| JENNIFER LEA BRADY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the undersigned for pretrial management. Presently before the Court for a recommendation is Plaintiff's *Motion to Dismiss* Defendant Jennifer Brady's *First Amended Counterclaim*. (Doc. 157). For the reasons discussed below, the Court recommends that Plaintiffs *Motion to Dismiss* be **GRANTED**.

## BACKGROUND

Plaintiff brought this diversity action for breach of contract, tortious interference, and conspiracy against Defendants Jennifer Lea Brady, Andrew and Tiffany Seeley, Brian Thomas, Robert Nickerson, Jr., and Donna Stamates, seeking monetary and injunctive relief. (Doc. 4 at 14-22). Plaintiff is the publisher of *Travelhost* magazine, which provides traveler information and advertising for businesses in over 50 local markets. (Doc. 32 at 5). *Travelhost* magazine is distributed through local distributers to hotels and motels frequented by tourists. *Id*. Defendants are former distributers of *Travelhost* magazine who entered into distributorship agreements with Plaintiff, in which Plaintiff agreed to produce the magazine and Defendants agreed to sell advertising space in and distribute it. *Id*. at 5-8, 11-22, 37-46, 53-60, 76-82, 90-98. The agreements contained non-compete clauses, providing that Defendants would not engage in a

competing business within two years after termination of their distributorship agreements with Plaintiff. *Id.* at 16, 78, 97. After a period of distributing and selling advertising under the agreements, each Defendant terminated his/her agreement with Plaintiff. This suit stems from Plaintiff's allegations that, prior to the termination of their agreements, Defendants started a competing publication in violation of the covenants not to compete. *Id.* at 8-9; 92 at 6-8.

Subsequently, each Defendant filed a *First Amended Answer and Counterclaim*, alleging Plaintiff's (1) breach of fiduciary duty; (2) breach of contract; and (3) fraudulent inducement. (Docs. 80, 81, 82, 83, 84). In November 2011, Plaintiff moved to dismiss the counterclaims. (Doc. 86). As relevant here, as to Defendant Brady, the District Court dismissed with prejudice her breach of fiduciary duty and breach of contract counterclaims. However, the Court allowed Brady to amend her fraudulent inducement counterclaim. (Doc. 148 at 5). In her amended complaint, Brady alleges a claim for fraudulent inducement based on Plaintiff's corporate representative's verbal misrepresentations to her about (1) Plaintiff's printing charges; and (2) the likelihood of Brady being able to sell national advertising for publication in Plaintiff's magazine. (Doc. 150 at 2-9). Plaintiff now moves to dismiss the amended counterclaim. (Doc. 156).

## APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from

which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## **ARGUMENTS AND ANALYSIS**

Plaintiff argues that Brady's fraudulent inducement claim is barred because she disclaimed reliance on any oral representations when she entered into the assignment, from a third party, of her distributorship agreement. Plaintiff claims that Brady thereby negated the reliance element of her fraudulent inducement claim. (Doc. 157 at 9-11). Brady responds that she justifiably relied on the false representations of Plaintiff's corporate representative. (Doc. 167 at 4-7). She does not address Plaintiff's disclaimer argument.

Paragraph 12.7 of the distributorship agreement signed by Plaintiff and Brady's assignor and initialed by Brady provides that "[t]here are no other agreements, inducements or representations (oral or written) other than those expressly set forth in this Agreement." (Doc. 150-1 at 5). Paragraph 15.7 of the associate publisher agreement, also signed by Plaintiff and the assignor and initialed by Brady, contains a similar provision: "This Agreement contains the entire understanding and agreement between the parties . . . and this Agreement supersedes all past and present oral agreements [and] may be amended only by an instrument in writing. *Id.* at 9. Additionally, Plaintiff's certification form that was signed by the assignor prior to execution of the distributorship agreement and initialed by Brady provided that "[n]o promises or representations whatsoever regarding . . . the ability to sell advertising into the publication, have

been made to me upon which I am relying in entering into the Distributorship Agreement." *Id.* at 18. On a version of the same form signed by Brady, there was a provision stating that "[i]n deciding to execute the Travelhost Magazine Assignment of Distributorship Agreement and Optional Associate Publisher Agreement, I am not relying upon any oral representations or promises made by any person." *Id.* at 23-24. Brady also acknowledged in that document that before executing the assignment, she had been fully briefed by the assignor, allowed to review the assignor's files, and she agreed to release Plaintiff from any claims arising out of any misrepresentations by the assignor. *Id.* at 23. In the assignment paperwork, Brady agreed to be bound by all terms of the distributorship and associate publisher agreements signed by the assignor, which were attached to the assignment. *Id.* at 1.

Under Texas law, a fraudulent inducement claim requires proof that: (1) a material representation was made; (2) the representation was false; (3) the speaker either knew the statement was false at the time of making it or made the statement recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the statement with the intention that it be acted upon by the other party in deciding to enter into the agreement; (5) the other party did act in reliance upon the representation in entering into the agreement; and (6) the other party suffered injury as a result of its reliance. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 524 (Tex. 1998).

In this case, the assigned agreements discussed above contained merger clauses and express disclaimers of reliance on any representations outside the written terms of the agreements. Brady initialed each of those documents and agreed to be bound by them. In addition, prior to executing the assignment, Brady herself expressly disclaimed reliance upon any oral representations or promises. Nonetheless, Brady's fraudulent inducement counterclaim is

4

entirely based upon oral representations and promises purportedly made to her by Plaintiff's corporate representative.

The Texas Supreme Court has acknowledged that parties may disclaim reliance on representations and, "where the parties' intent is clear and specific, [it] should be effective to negate a fraudulent inducement claim." *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex. 1997). "The contract and the circumstances surrounding its formation determine whether the disclaimer of reliance is binding." *Id.* The critical question when determining whether to enforce a disclaimer is whether the language and structure of the contract, taken in context, evinces a clear intent by a party to disclaim reliance on representations outside of and contrary to the terms of the contract. *See id.* In this case, Brady signed or was the assignee to documents containing numerous disclaimers that unequivocally and expressly provided that she was not relying on any oral representations or promises in entering into the contracts at issue. Under these circumstances, her claim for fraudulent inducement must fail and her counterclaim should be dismissed with prejudice. *Id.*

## CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's *Motion to Dismiss Defendant Jennifer Brady's First Amended Counterclaim* (Doc. 157) be **GRANTED**.

**SO RECOMMENDED** on December 21, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE