IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVELHOST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-00454-M-BK |
| | § | |
| JENNIFER LEA BRADY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the undersigned for pretrial management. Presently before the Court for a recommendation is Plaintiff's *Motion to Dismiss* Defendant Donna Stamates's *First Amended Counterclaim*. (Doc. 156). For the reasons discussed below, the Court recommends that Plaintiff's *Motion to Dismiss* be **GRANTED**.

## BACKGROUND

Plaintiff brought this suit for breach of contract, tortious interference, and conspiracy against Defendants Jennifer Lea Brady, Andrew and Tiffany Seeley, Brian Thomas, Robert Nickerson, Jr., and Donna Stamates, seeking monetary and injunctive relief. (Doc. 4 at 14-22). Plaintiff is the publisher of *Travelhost* magazine, which provides traveler information and advertising for businesses in over 50 local markets. (Doc. 32 at 5). *Travelhost* magazine is distributed through local distributers to hotels and motels frequented by tourists. *Id*. Defendants are former distributers of *Travelhost* magazine who entered into distributorship agreements with Plaintiff, in which Plaintiff agreed to produce the magazine and Defendants agreed to sell advertising space in it and distribute it. *Id*. at 5-8, 11-22, 37-46, 53-60, 76-82, 90-98. The agreements contained non-compete clauses, providing that Defendants would not engage in a

competing business within two years after termination of their distributorship agreement with Plaintiff. *Id.* at 16, 78, 97. After a period of distributing and selling advertising under the agreements, each Defendant terminated his/her agreement with Plaintiff. This suit stems from Plaintiff's allegations that, prior to the termination of the agreements, Defendants started a competing publication in violation of the covenants not to compete. *Id.* at 8-9; Doc. 92 at 6-8.

Subsequently, each Defendant filed a *First Amended Answer and Counterclaim*, alleging Plaintiff's (1) breach of fiduciary duty; (2) breach of contract; and (3) fraudulent inducement. (Docs. 80, 81, 82, 83, 84). In November 2011, Plaintiff moved to dismiss the counterclaims. (Doc. 86). As relevant here, as to Defendant Stamates, the District Court dismissed with prejudice her breach of fiduciary duty and breach of contract counterclaims. However, the Court allowed Stamates to amend her fraudulent inducement counterclaim. (Doc. 148 at 5).

In her amended complaint, Stamates contends that she entered into her distributorship agreement with Plaintiff in November 2003. (Doc. 149 at 2). She states that in October 2003 she attended a conference at which Plaintiff's corporate representative made numerous misrepresentations to her about the printing prices she would pay Plaintiff in connection with the publication of the magazine. *Id.* at 2-6. Defendant asserts that she did not learn that Plaintiff's printing charges were exorbitant until she read it on the internet in 2009, and Plaintiff fraudulently concealed from her the fact that its prices were not competitive. *Id.* at 5. Plaintiff now moves to dismiss the counterclaim. (Doc. 156).

## APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual

allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A complaint thus is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Id.*

## ARGUMENTS AND ANALYSIS

Plaintiff argues that Stamates's claim is barred by the four-year fraud statute of limitations. (Doc. 156 at 3-5). Further, Plaintiff asserts, Defendant cannot claim that she just discovered Plaintiff's alleged fraud in 2009 because the information about Plaintiff's prices versus other commercial printing prices was freely available to her at all times. *Id.* at 5-8; *see also* Doc. 168 at 4-7 (Plaintiff's reply brief).

Stamates responds that the statute of limitations should not be deemed to start until she learned the truth about Plaintiff's publications costs in 2009. She claims that, before that time, she had no reason to doubt Plaintiff's word that its prices were wholesale and she had no choice but to use Plaintiff's printing and publishing services because that is what her distributorship agreement required. (Doc. 166 at 4-5). Plaintiff asserts that the statute of limitations should start in 2009, when she discovered an internet blog about Plaintiff's business practices and learned that Plaintiff had fraudulently misrepresented the nature of its printing prices to her. *Id.* at 5.

In Texas, a fraud claim has a four-year statute of limitations. TEX. CIV. PRAC. & REM. Code § 16.004(a)(4). When a cause of action accrues generally is a question of law. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex. 2003). Typically, "a cause of

action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id.* An action for fraud typically accrues when the fraud is perpetuated. *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex. 1988); *Jackson v. Speer,* 974 F.2d 676, 679-80 (5th Cir. 1992) (same).

In this instance, Stamates's complaint alleges that the purported misrepresentations regarding Plaintiff's "printing prices" were made to her in October 2003. (Doc. 149 at 2-6). The four year limitations period commenced at that time and expired in October 2007, almost four years before she filed her counterclaim in November 2011. Moreover, the discovery rule cannot resuscitate Stamates's claim. The discovery rule may toll the running of the statute of limitations until a claimant discovers, or in the exercise of reasonable diligence should have discovered, facts indicating that she has been injured. *Little v. Smith,* 943 S.W.2d 414, 420 (Tex. 1997). However, the use of the discovery rule is restricted to "exceptional cases" so that it does not defeat the purpose behind limitations statutes. *Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 313 (Tex. 2006). The rule applies to situations where the nature of the injury is "inherently undiscoverable." *Id.* An injury is inherently undiscoverable if it "is unlikely to be discovered within the prescribed limitations period despite the exercise of due diligence." *Seureau v. ExxonMobil Corp.,* 274 S.W.3d 206, 227-28 (Tex.—Houston [14 Dist.], 2008). In the case at bar, Stamates cannot demonstrate that information about commercially available printing prices was unlikely to be discovered had she exercised due diligence. *Id.*

There is also no possibility that Stamates can successfully demonstrate that Plaintiff fraudulently concealed its pricing as compared to other commercial printers. *See Timberlake v. A.H. Robins Co. Inc.,* 727 F.2d 1363, 1366 (5th Cir. 1984) (holding that a form of equitable estoppel arises where the defendant is under a duty to make a disclosure but fraudulently

conceals the existence of a cause of action from the potential claimant). To take advantage of the fraudulent concealment exception, Stamates would have to prove that Plaintiff had a duty to disclose its prices versus the prices of other printing businesses and intentionally concealed that information. *Id.* Stamates has not alleged that Plaintiff ever concealed its own prices from her, and she cannot conceivably show that Plaintiff concealed publicly available prices from other commercial printing businesses. Accordingly, Stamates's fraudulent inducement claim is barred by the statute of limitations and should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, it is recommended that Plaintiff's *Motion to Dismiss Defendant Donna Stamates's First Amended Counterclaim* (Doc. 156) be **GRANTED**.

**SO RECOMMENDED** on December 21, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE